# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

JON DICKERSON,                    )
                                  )
    Movant,                       )
                                  )
    v.                            )      No. 4:17-cv-0648-DGK
                                  )      Crim. No. 12-cr-0386-DGK
UNITED STATES OF AMERICA,         )
                                  )
    Respondent.                   )

## ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT JUDGMENT

This case arises out of Movant Jon Dickerson's ("Movant") convictions for conspiracy to cause the unlawful transportation in interstate commerce of stolen goods and four other counts related to his role in stealing various tractor-trailer trucks and their contents. Pending before the Court is Movant's "Motion Under 28 U.S.C. § 2255 to Vacate and Set Aside Conviction and Sentence or for New Sentencing" (Doc. 1).

Building on the holdings in *Lafler v. Cooper*, 566 U.S. 156 (2012) and *Missouri v. Frye*, 566 U.S. 133 (2012), Movant argues he received ineffective assistance of counsel because his attorney failed to advise him that if he rejected the Government's plea offer and was convicted after trial, he likely would face a much higher sentence under the sentencing guidelines. Movant contends counsel did not review the guidelines with him or explain how they worked, and that but for these failures, he would have accepted the plea offer and received a lesser prison sentence than the 188 months the Court imposed.

Because the record conclusively refutes Movant's allegations, the Court DENIES the motion without a hearing. The Court also declines to issue a certificate of appealability.

**Pretrial**

On January 9, 2013, the magistrate judge[1] arraigning Movant informed him that the maximum punishment he faced was five years on Count One plus ten years on each of the other four counts. Min. Entry (Doc. 53 in 4:12-CR-0386).[2]

On August 9, 2013, counsel for the Government sent Movant's trial counsel a letter extending a formal plea offer. The letter stated:

> My assessment of the current conspiracy case in which he is charged has a loss of $1.08 million dollars, which coupled with ten or more victims, and a scheme to steal vehicles, triggers a potential sentencing range of 97-120 months if the matter proceeds to trial. However, based upon the specific evidence against your client, I am able to offer your client a plea to a range [of] 37-46 months. This offer is based upon a plea to a loss of $497,633.78 as explained in the attached chart. Further, your client would have joint and several liability for restitution of this dollar figure and an asset forfeiture money judgment will also be included.

Plea Offer Letter at 1 (Doc. 1-3). Footnote 1 of the letter contains the Government's estimated sentencing guidelines range of what Defendant faced without a plea deal, which was as follows.

> 2(B)1.1(a)(2) base offense level of 6; plus 16 for more than $1 million 2B1.1(b)(1)(I); plus 2 for ten or more victims 2B1(b)(2)(A); plus 2 for an organized scheme to steal vehicles 2B1.1(b)(13); plus 4 for leader/organizer of 5 or more 3B1.1(a); for a total of 30; without acceptance gives a sentence of 97-120 months. This assumes Criminal History Category of 1.

*Id*. Footnote 2 explained how a plea deal charging a lower amount of loss would yield a sentence in the 37-46 months range.

---

[1] The Honorable Sara W. Hays, United States Magistrate Judge for the Western District of Missouri.
[2] All citations are to the civil case number, 4:17-648, unless otherwise noted.

> 2(B)1.1(a)(2) base offense level of 6; plus 14 for more than
> $400,000 2B1.1(1)(G); plus 2 for an organized scheme to steal
> vehicles 2B1.1(b)(13); plus 2 for leader/organizer 3B1.1(c); minus
> 3 for acceptance for a total of 21; gives a sentence of 37-46
> months. This assumes Criminal History Category of 1.

*Id*. The letter included a chart explaining in detail which stolen or recovered vehicles would be included in determining the loss and the restitution amount in the proposed plea. *Id*. at 2. The Government also extended the offer several times so counsel had ample time to discuss it with his client.

In an affidavit submitted by the Government, trial counsel explained how he conveyed the offer to Movant, and Movant's response to it.

> 4.      In August of 2013 I received a plea offer from Mr. Coonrod
> which I presented in person as well as over the phone to Dirk.[3]
> Dirk summarily rejected the offer and we discussed it. I explained
> to Dirk how the sentencing guidelines were now advisory, that the
> judge was duly bound to render a reasonable sentence[,] however
> the courts tend to follow the guidelines. We discussed the base
> level of the offense and how the amount of the loss impacted the
> offense level. We discussed the adjustments to the base level
> based upon role in the offense, criminal history all as set out in the
> guidelines. During the meeting that I believe occurred in my office
> on August 15, 2013 we reviewed the offer in detail and I advised
> my client that 1) the evidence if believed was sufficient to convict
> him 2) if convicted he was facing substantially more prison time
> than if he accepted the terms 3) the reduction of the sentence for
> acceptance of responsibility and 4) that I had been advised early on
> that the USA was not interested in his providing substantial
> assistance. He was not interested in the plea nor would he
> authorize me to enter into more extensive negotiations with AUSA
> Coonrod. I brought up the subject of a plea and the potential
> consequences every time we met before trial, despite Dirk's
> insistence that he was innocent. During the course of the trial I

---

[3] Movant is known as Jon "Dirk" Dickerson.

ask[ed] him if he wanted me to see about working out a plea but he remained uninterested.

White Affidavit ¶4 (Doc. 5-1). Trial counsel also states that

> [a]t no time did I ever tell Dirk that if he went to trial and was convicted that he would receive the sentence in the plea offer but to the contrary he could, if convicted, receive a sentence that he would not outlive. Dirk was sure that he was innocent and that no one would believe the damaging testimony of J. Fears and John Strauss.

*Id*. ¶6. The affidavit also states

> During the preparation I was able to meet with Dirk in person at least every six weeks, we also consulted by phone. During our meetings and phone conversations I am confident that we communicated effectively. I do not keep notes of my clients meetings unless I think that the client is not following what we are discussing. I did not keep notes of my meeting or calls with Dirk.

*Id*. ¶3.

**Trial**

Immediately before the trial began the Court made a record memorializing the parties' plea discussions. Counsel for the Government stated that he sent a letter offering a deal which would have resulted in an estimated guidelines sentence of "approximately 37 to 46 months." Sentencing Tr. at 47 (Doc. 5-2). This figure was based on a loss of $497,000. *Id.* The Government estimated that if convicted after trial, Movant's range of punishment was "approximately 97 to 120 months." *Id.* at 48.

Defense counsel then confirmed in open court that these were the extent of plea negotiations. "That's exactly what happened, Judge." *Id.* "Mr. Dickerson reviewed that offer and rejected it. There was no counter. It was just no thank you." *Id*.

4

The Court then placed Movant under oath and he confirmed that after consulting his attorney, he refused a plea deal of 37 to 46 months.

> THE COURT: So you were -- you had one offer that was extended to you with a range of 37 to 46 months, and some restitution; is that right?
>
> DEFENDANT JON DICKERSON: Yes, sir.
>
> THE COURT: And you counseled with your attorney about that; is that true?
>
> DEFENDANT JON DICKERSON: I did, sir.
>
> THE COURT: And rejected that offer?
>
> DEFENDANT JON DICKERSON: I did.
>
> THE COURT: Do you have any questions?
>
> DEFENDANT JON DICKERSON: No, sir.
>
> THE COURT: All right. Thank you.
>
> DEFENDANT JON DICKERSON: Thank you.

*Id*. at 49.

After a nine day trial, the jury convicted Movant on all five counts. Movant subsequently retained new counsel for sentencing and appeal.

**Sentencing**

At the sentencing hearing, the Court agreed with the presentence investigation report's calculation that the guideline range was 188 to 235 months' imprisonment.

Sentencing counsel referenced the rejected plea offer in his argument, suggesting a sentence in the Government's original estimated range of 97 to 120 months was sufficient.

Sentencing Tr. at 45 (Doc. 387 in Case No. 4:12-CR-386). The Government objected to the argument, noting the estimate was made in "a plea offer that was made prior to—way, way long ago." *Id*. The Court agreed, observing "I don't even know that I would accept that plea bargain. Certainly if I knew all the evidence I knew today, I wouldn't accept that plea bargain." *Id*.

During allocution, Movant, who was not under oath, claimed that

> [h]ad I understood the risks that by going to trial what it would mean, had I understood that it could mean some day be standing here and having the attorney argue that I not die in prison, I would have demanded that my original attorney seek an end of the case without a trial.

*Id*. at 66.

The Court sentenced Movant to 60 months on Count One, and 120 months on each of Counts 15, 18, and 20, to be served concurrently with each other, and 68 months on Count 25, to be served consecutively to all other counts, for a total of 188 months' imprisonment.

### Appellate and Post-Conviction

Movant appealed his conviction and the guidelines calculation at his sentencing. The Eighth Circuit affirmed both. *United States v. Borders*, 829 F.3d 558 (8th Cir. 2016).

On August 7, 2017, Movant timely filed the pending motion under 28 U.S.C. § 2255.

## DISCUSSION

## I. Movant's ineffective assistance of counsel claim is without merit.

Movant argues trial counsel never forwarded him the Government's plea offer until shortly before trial in 2014, and he never explained the plea offer to him. In his verified motion, Movant claims trial counsel failed to explain: what the sentencing guidelines were or how they worked; that by rejecting the plea offer he would be held responsible for the total amount of the loss attributable to the conspiracy if convicted; that by going to trial, he would not receive credit

for accepting responsibility; and that because of enhancements and his criminal history, his guidelines range could be even greater than the Government's initial estimate. He acknowledges that he discussed the plea offer with counsel, but claims he rejected it only because he didn't understand it. Finally, he contends that if he had accepted the plea offer, the Court would have agreed to it as well.

To succeed on a claim of ineffective assistance of counsel, a movant must show that "(1) trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney, and (2) trial counsel's deficient performance prejudiced the defense." *Armstrong v. Kemna*, 534 F.3d 857, 863 (8th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984)). Judicial review of trial counsel's performance is highly deferential, "indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Middleton v. Roper*, 455 F.3d 838, 846 (8th Cir. 2006). To establish prejudice, a movant must show that the outcome would have been different had counsel's performance not been deficient. If the movant cannot show a reasonable probability that the outcome would have been different, he cannot show prejudice. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). Failure to satisfy either prong is fatal to the claim, and the court need not reach the performance prong if the defendant suffered no prejudice from the alleged ineffectiveness. *See Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997).

The Sixth Amendment right to effective assistance of counsel "extends to the plea-bargaining process such that 'if a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it.'" *Allen v. United States*, 854 F.3d 428, 432 (8th Cir. 2017) (quoting *Lafler v. Cooper*, 566 U.S. 156, 168 (2012)). With

respect to plea offers, the Eighth Circuit has held "'defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused.'" *United States v. Strother*, 509 F. App'x 571, 575 (8th Cir. 2013) (quoting *Frye*, 566 U.S. at 145)). "Defense counsel's performance is thus deficient if counsel allows a formal plea offer to 'expire without advising the defendant or allowing him to consider it.'" *Strother*, 509 F. App'x at 575 (quoting *Frye*, 566 U.S. at 145)). To show prejudice, a movant

> must demonstrate *a substantial likelihood* that (1) he would have accepted the offer to plead pursuant to the earlier proposed terms, (2) neither the prosecution nor the trial court would have prevented the offer from being accepted, and (3) the plea terms would have been less severe than under the judgment and sentence that were actually imposed.

*Allen*, 854 F.3d at 432 (emphasis added).

In the present case, Movant cannot satisfy either prong. He cannot show ineffective assistance because the record clearly establishes that trial counsel communicated the Government's offer to him and Movant refused it. Movant rejected it not because trial counsel told him to reject it, but because Movant was convinced that he was not going to be convicted so he was not interested in any plea deals. Further, it is uncontested that Movant refused the plea offer despite being informed by the magistrate, by the Government, and by his own attorney (as Movant confirmed in open court) that his potential sentence if he lost at trial was much longer. Indeed, the Government's plea letter explained the risks of going to trial. The fact that in hindsight Movant's decision to say "No thank you" to a plea deal was a disastrous one does not make trial counsel ineffective.

Further, Movant cannot show prejudice because he cannot demonstrate a substantial likelihood that even if he accepted the plea offer, the Court would have accepted it. Indeed,

years before Movant filed the pending § 2255 motion, the Court stated at sentencing, "I don't even know that I would accept that plea bargain. Certainly if I knew all the evidence I knew today, I wouldn't accept that plea bargain." This negates Movant's assertion that there was a substantial likelihood the Court would have accepted the plea.

The Court holds Movant's claim is without merit.

## II.     No evidentiary hearing is required.

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Id.* (quoting *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)); *see also Sanders v. United States*, 347 F.3d 720, 721 (8th Cir. 2003) (holding a § 2255 motion may be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact). As discussed above, Movant's claim is affirmatively refuted by the record. Consequently, no evidentiary hearing is required.

## III.     No certificate of appealability should be issued.

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability should be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the movant to demonstrate "that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a

different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 464 U.S. 800, 893 n.4 (1983)). The Court holds no reasonable jurist would grant this § 2255 motion and declines to issue a certificate of appealability.

## Conclusion

For the reasons discussed above, the motion (Doc. 1) is DENIED and the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:   May 23, 2018                             /s/ Greg Kays

                                                 GREG KAYS, CHIEF JUDGE
                                                 UNITED STATES DISTRICT COURT